United States District Court
Southern District of Texas

**ENTERED**

March 24, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JASIEL R. M.[1], | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-107 |
| | § | |
| ACTING DIRECTOR, PORT | § | |
| ISABEL DETENTION CENTER, *et al*., | § | |
|     Respondents. | § | |

## REPORT AND RECOMMENDATION TO DISMISS HABEAS PETITION SUBJECT TO REFILING

Petitioner Jasiel R. M. is currently detained by Immigration and Customs Enforcement at the Port Isabel Detention Facility in Cameron County, Texas. Dkt. No. 1. Jasiel R. M.'s spouse, Ana H. R., filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, on his behalf. Dkt. No. 1, p. 8; Dkt. No. 1-1; Dkt. No. 2.

On March 10, 2026, the Court issued an order requiring Petitioner Jasiel R. M. and/or Ana H. R. to file a statement with the Court to show cause why Ana H. R. can serve as next friend for the Petitioner and represent Petitioner in this matter. Dkt. No. 10.[2] Neither Petitioner Jasiel R. M. nor Ana H. R. filed a timely response to the Court's order. Because Petitioner and his proposed next friend did not respond to the Court's order, the Court cannot find that Petitioner is incapable of properly caring for his own interests. Accordingly, the Court recommends dismissal of this petition for failing to meet the requirements of Federal Rule of Civil Procedure 17 and to comply with federal law governing legal representation.

Federal law provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. This statute "guarantees parties the right to proceed pro se in federal court[.]" *Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 282 (5th Cir. 2023). In other words, "a party can represent himself or be

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] The response to the Court's order was due on March 10, 2026. Dkt. No. 10.

represented by an attorney." *Gonzalez v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). Section 1654, however, does not permit a party to be "'represented by a nonlawyer,' [ ] because the statute does not include the phrase, 'or by a nonlawyer.'" *Raskin*, 69 F.4th at 283 (quoting *Gonzalez*, 157 F.3d at 1021)). "Accordingly, for a person to invoke § 1654, the only requirement is that the case he seeks to prosecute must belong to him." *Raskin*, 69 F.4th at 283.

Federal Rule of Civil Procedure 17(c)(2) enables a non-lawyer to litigate as a next friend on behalf of a "minor or incompetent person[.]" "Individuals are incompetent for Rule 17 purposes if they lack the capacity to litigate under the law of their domicile." *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006) (cleaned up) (citing *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990)).

The records submitted by Ana H. R. indicate that the Petitioner lived in Texas prior to being detained, making the state his domicile. *See Moler v. Wells*, 18 F.4th 162, 166 (5th Cir. 2021) ("[A}n incarcerated person resides in the district where he was legally domiciled before his incarceration."). Under Texas law, a person is considered incompetent if he is "incapable, by reason of mental or bodily infirmity, of properly caring for his or her own interests in the litigation." *Abbott v. G.G.E.*, 463 S.W.3d 633, 645 (Tex. App.—Austin 2015, pet. denied).

The Court's initial review of Ana H. R.'s filings on behalf of Jasiel R. M. found no allegations reflecting that Petitioner is incapable of properly caring for his own interests. The lack of response turns the Court to review again only the current filings, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1) and Memorandum for Writ of Habeas Corpus (Dkt. No. 1). Ana H. R.'s filings on behalf of Jasiel R. M. contain information on the Petitioner, and the filings include legal arguments alleging the unlawfulness of his civil detention. Considering that it does not appear as though Petitioner Jasiel R. M. lacks the capacity to care for his own interests and representation by a nonlawyer is not allowed, the Court finds it impermissible to consider the Petitioner's case brought by a next friend.

It is recommended that the Court **DISMISS** the instance case without prejudice to refiling.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not

required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on March 24, 2026.

Karen Betancourt
United States Magistrate Judge